## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | | |
|---|---|---|
| **DR. JOSE MICHAN-LEVY** | : | |
| 38 S. Federal Highway, #10-118 | : | |
| Dania Beach, FL 33004 | : | |
| | : | |
| AND | : | No.: |
| | : | |
| **LIFELIGHT GROUP LLC** | : | **JURY TRIAL OF TWELVE JURORS** |
| 38 S. Federal Highway, #10-118 | : | **DEMANDED** |
| Dania Beach, FL 33004 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **ABC CAPITAL INVESTMENTS, LLC** | : | |
| 305 N. 3rd Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL RE LTD.** | : | |
| 1218 N. Marshall Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL RE** | : | |
| 1218 N. Marshall Street | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL MIAMI LLC** | : | |
| 175 SW 7th Street, No. 2110 | : | |
| Miami, Florida 33130 | : | |
| | : | |
| AND | : | |
| | : | |
| **ABC CAPITAL BALTIMORE, LLC** | : | |
| 518 S. Conkling St., 4th Fl. | : | |
| Baltimore, MD 21224 | : | |
| | : | |
| AND | : | |

|   |   |
|---|---|
| **ABC MANAGEMENT –** | : |
| **BALTIMORE, LLC** | : |
| 100 International Drive, Fl. 23. | : |
| Baltimore, MD 21202 | : |
|   | : |
|   AND | : |
|   | : |
| **PHILLY METRO BUILDERS, LLC** | : |
| 4235 Main Street | : |
| Philadelphia, PA 19127 | : |
|   | : |
|   AND | : |
|   | : |
| **ABC CAPITAL FINANCE, LLC** | : |
| 1218 N. Marshall Street | : |
| Philadelphia, PA 19122 | : |
|   | : |
|   AND | : |
|   | : |
| **ABC CAPITAL HOLDINGS, LLC** | : |
| 1218 N. Marshall Street | : |
| Philadelphia, PA 19122 | : |
|   | : |
|   AND | : |
|   | : |
| **ABC CAPITAL INCOME FUND, LLC** | : |
| 1218 N. Marshall Street | : |
| Philadelphia, PA 19122 | : |
|   | : |
|   AND | : |
|   | : |
| **ABC CAPITAL REALTY, LLC** | : |
| 1218 N. Marshall Street | : |
| Philadelphia, PA 19122 | : |
|   | : |
|   AND | : |
|   | : |
| **477 MANAGEMENT, LLC** | : |
| 175 SW 7th Street, No. 1508 | : |
| Miami, Florida 33130 | : |
|   | : |
|   AND | : |
|   | : |
| **477 INTERNATIONAL REALTY, LLC** | : |
| 175 SW 7th Street, No. 1508 | : |

Miami, Florida 33130           :
                                           :
      AND                :
                                           :

**IPP USA, LLC**          :
1714 N Memphis St., Ste. C-8      :
Philadelphia, PA 19125        :
                                           :
      AND                :
                                         :

**STATESIDE APM**       :
6445 Citation Dr., Suite F       :
Clarkston, Michigan 48346     :
                                           :
      AND                :
                                         :

**RICARDO SCATTOLINI**  :
175 SW 7th Street, No. 1508     :
Miami, Florida 33130           :
                                         :
      AND                :
                                         :

**FLORENCIA MELENDEZ**  :
175 SW 7th Street, No. 1508     :
Miami, Florida 33130           :
                                         :
      AND                :
                                         :

**JAY WALSH**            :
305 N. 3rd Street             :
Philadelphia, PA 19122        :
                                         :
      AND                :
                                         :

**AMIR VANA**            :
305 N. 3rd Street             :
Philadelphia, PA 19122        :
                                         :
      AND                :
                                         :

**YARON ZER**            :
305 N. 3rd Street             :
Philadelphia, PA 19122        :
                                         :
      AND                :
                                         :

**NHS INVESTMENTS, LLC**                    :
151 Irvin Road                                          :
Irving, TX 75060                                      :
                                                                   :
         AND                                             :
                                                                   :
**JOHN DOES 1-10**                             :
                                                                   :
                        Defendants.             :

---

## CIVIL ACTION COMPLAINT

### I.    INTRODUCTION

1.      Plaintiffs, Dr. Jose Michan-Levy and Lifelight Group LLC, bring this action against a variety of businesses and individuals that, in conjunction with one another, operated as a corrupt organization under the Racketeer Influenced and Corrupt Organizations Act in a sophisticated ponzi scheme[1].

2.      The RICO Enterprise marketed itself, particularly to foreign investors who spoke English as a second language, as a "one-stop", "hands-off" solution to invest in "income-producing properties", i.e. rental properties. The RICO Enterprise represented to potential investors that the RICO Enterprise would establish an investment vehicle, i.e. a limited liability company, through which the investor would purchase a set number of properties, located in Miami, Baltimore, and/or Philadelphia.

3.      The RICO Enterprise represented to investors that in exchange for the amount paid for each rental property, the investor would receive a fully-renovated, rental property that would be exclusively managed by the RICO Enterprise.

---

[1]      All Defendant entities and individuals named herein, with the exception of Defendant, NHS Investments, LLC, are believed and therefore averred to be members of the RICO Enterprise. It is believed and therefore averred that Defendant, NHS Investments, LLC is a another customer-victim of the RICO Enterprise.

4.      In fact, the RICO Enterprise guaranteed the rental income for the first twelve months of ownership and even offered an "rental assurance" package that would be purchased annually to guarantee rental income in subsequent years.

5.      Plaintiffs, Dr. Jose Michan-Levy and Lifelight Group LLC invested approximately $540,000 through the RICO Enterprise for the purchase of six properties, which included approximately $225,000 for the full rehab of the properties.

6.      However, in reality, the RICO Enterprise would (i) transfer only "leasehold interest" in the properties to the buyer-investor; and/or (ii)  use the funds that were designated to fully-rehab the properties to pay prior investors the prior investors' guaranteed income.

7.      In 2020, it is believed and therefore averred that the RICO Enterprise's pyramid began to tumble following a thirty-three-plaintiff lawsuit, filed in December 2019, alleging a RICO-count (EDPA No. 19-6116) (*see* Exhibit X) causing the RICO Enterprise to be unable to make the guaranteed rental income payments to Plaintiffs.

8.      In 2020, Plaintiffs discovered that the RICO Enterprise failed to make any renovations to the six properties and had absconded with the approximately $225,000 Plaintiffs paid to it for the renovations.

9.      Further, Plaintiffs discovered that four of the six properties that Plaintiffs had purchased were not actually purchased out-right; instead, Plaintiffs had only purchased "leasehold interests" in four of the properties.

10.      Further, Plaintiffs discovered that one of the six properties that Plaintiffs had "purchased" remained in the name of the seller, i.e. Defendant, NHS Investments, LLC.

11.      Additionally, Plaintiffs discovered that the RICO Enterprise had caused the properties to incur in excess of $40,000 in water bills *prior* to Plaintiffs "purchase" of the properties from the RICO Enterprise.

12.      Plaintiffs bring the RICO claim, as well as a number of state law claims, for the fraudulent and deceptive conduct of the RICO Enterprise, as well as a quiet title claim against Defendant, NHS Investments, LLC.

**II.      JURISDICTION & VENUE**

13.      Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

14.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question, as well as pursuant to 18 U.S.C. §§ 1961-1968 for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as Defendants have, directly and/or indirectly, made use of the means and/or instrumentalities of interstate commerce in connection with the transactions, acts, practices and courses of business alleged herein.

15.      This Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

16.      Venue is proper in this District as (i) certain real property that is the subject of the transactions, acts, practices and courses of business alleged herein is situated within this District; (ii) one or more defendants reside within this District; and (iii) one or more of the transactions, acts, practices and courses of business alleged herein occurred within this District.

17.      All Defendants performed substantial business within this District, as described herein, thereby knowingly subjecting themselves to the jurisdiction of this Honorable Court.

**III.      PARTIES**

18.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

19.     Plaintiff, Dr. Jose Michan-Levy (herein after, "Dr. Michan") is an adult individual currently residing at the above-captioned address.

20.     Plaintiff, Lifelight Group LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Florida, having been created under the laws of the State of Florida on or about November 20, 2018, with its primary place of business at the above-captioned address. At all material times, Dr. Michan is the sole owner of Plaintiff, Lifelight Group LLC.

21.     Defendant, ABC Capital Investments, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

22.     Defendant, ABC Capital RE LTD is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

23.     Defendant, ABC Capital RE is, upon information and belief, a limited liability company with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

24.     Defendant, ABC Capital Miami, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

25.     Defendant, ABC Capital Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

26.     Defendant, ABC Management - Baltimore, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Maryland, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

27.     Defendant, Philly Metro Builders, LLC, formerly known and registered as Home Cash 1031, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

28.     Defendant, ABC Capital Finance, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

29.     Defendant, ABC Capital Holdings, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

30.     Defendant, ABC Capital Income Fund, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

31.     Defendant, ABC Capital Realty, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business believed to be at the above-captioned address and is a member of the RICO Enterprise.

32.     Defendant, 477 Management, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

33.     Defendant, 477 International Realty, LLC, is a  limited liability company existing by virtue of and operating under the laws of the State of Florida, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

34.     Defendant, IPP USA, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

35.     Defendant, Stateside APM, is, upon information and belief, a limited liability company existing by virtue of and operating under the laws of the State of Michigan, with its primary place of business at the above-captioned address and is a member of the RICO Enterprise.

36.     Defendant, Jay Walsh is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Jay Walsh was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Jay Walsh is personally knowledgeable of the "pattern of racketeering activities" described herein.

37.     Defendant, Amir Vana is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Jay Walsh was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is believed and therefore averred that Defendant, Amir Vana is personally knowledgeable of the "pattern of racketeering activities" described herein.

38.     Defendant, Yaron Zer is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. As Defendant, Jay Walsh was the "Co-Founder" of Defendant, ABC Capital Investments, LLC, the original "ABC" entity, it is

believed and therefore averred that Defendant, Yaron Zer is personally knowledgeable of the "pattern of racketeering activities" described herein.

39.     Defendant, Florencia Melendez is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. Defendant, Florencia Melendez is an employee of Defendant, ABC Capital Miami, LLC, specifically a sales associate, and is named herein due to her personal involvement in fraudulent, deceptive, and/or corrupt representations to and communications with Plaintiff, Dr. Michan.

40.     Defendant, Ricardo Scattolini is an adult individual with a primary workplace at the above-captioned address and is a member of the RICO Enterprise. Defendant, Ricardo Scattolini is an employee of Defendant, ABC Capital Miami, LLC, specifically the Vice Present of Sales and Operations, and an agent of the RICO Enterprise and is named herein due to his personal involvement in fraudulent, deceptive, and/or corrupt representations to and communications with Plaintiff, Dr. Michan.

41.     Defendant, NHS Investments, LLC is a limited liability company existing by virtue of and operating under the laws of the State of Texas, with its primary place of business at the above-captioned address. It is believed and therefore averred that Defendant, NHS Investments, LLC is *not* a member of the RICO Enterprise, but instead may be a customer-victim thereof.

42.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, employees,

affiliates, and/or co-conspirators of Co-Defendant(s) and/or members of the RICO Enterprise, liable to Plaintiffs hereunder.

43.     The term "RICO Enterprise" herein will refer collectively to Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, Philly Metro Builders, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, 477 Management, LLC, 477 International Realty, LLC, IPP USA, LLC, and, Stateside APM, as well as Individual-Defendants, Jay Walsh, Amir Vana, Yaron Zer, Florencia Melendez, Ricardo Scattolini, and John Does 1-10.

## IV.   OPERATIVE FACTS

44.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

45.     In or around 2018, Plaintiff, Dr. Michan, learned of a guaranteed investment opportunity from Defendant, Ricardo Scattolini through Defendant, ABC Capital Miami, LLC involving "Income Producing Properties" in which Defendant, ABC Capital Miami, LLC would provide guaranteed annual returns on investments in excess of nine percent (9%) per year for the first year.

46.     At all material times, Defendant, Ricardo Scattolini acted as an agent and/or employee of Defendants, 477 Management, LLC and 477 International Realty, LLC.

47.     Plaintiff, Dr. Michan engaged in communications with Defendants, Ricardo Scattolini and Florencia Melendez concerning the guaranteed investment opportunity.

48.     Defendants, Ricardo Scattolini and Florencia Melendez represented to Plaintiff, Dr. Michan that ABC Capital Miami, LLC was a "one-stop shop" for a guaranteed investment opportunity through "income-producing properties", i.e. rental properties.

49.     Defendants, Ricardo Scattolini and Florencia Melendez represented to Plaintiff, Dr. Michan that the ABC Capital Miami, LLC had perfected a process in which it:

      a.   would create an new entity to hold the investment properties;

      b.   would select and coordinate the purchase of a to-be-agreed-upon number of properties for the newly created entity;

      c.   coordinate a full renovation of the properties, including roofing, plumbing, electrical, with new appliances, including water heater and boiler or other heating unit – all to be completed within sixty days of settlement on each property; and,

      d.   manage all aspects of the Property, including rental, maintenance, taxes, and compliance with all applicable laws, regulations, and ordinances.

50.     Defendants, Ricardo Scattolini and Florencia Melendez explained that ABC Capital Miami, LLC guaranteed a return on investment in excess of nine percent per year.

51.     Defendant, ABC Capital Miami, LLC currently maintains a website at www.abccapitalmiami.com, which, as of March 18, 2021,  describes it's "Product" as follows:

### IPP

*IPP / Income Producing Properties*

IPP are high performing properties in growing markets with great potential due to the high occupancy rate and demand for rentals, the increase in property prices and the low property taxes.

The ABC Capital team analyzes the potential of each property in detail. Once acquired and stabilized, we proceed to the complete remodeling and lease to then offer them to our clients.

In this way, each property is prepared, individually or in groups, as IPP.

The administration of the properties includes maintenance, sending income for rent and reports to our clients offering a comprehensive solution for foreign investors.

*See* Exhibit A, Pages 1-2.

52.     Defendant, ABC Capital Miami, LLC's website, as of March 18, 2021, represents on its

website that it has "designed a process that allows us to develop a high performance [sic]

product", describing that "process" as follows:

> 1. SEARCH AND PURCHASE - We do an extensive search and analysis to
> define the best available properties and acquire them with great benefits.
>
> 2. REHABILITATION PROGRAM - A detailed and full remodeling process,
> completed by professionals. This process includes: structural
> adjustments/improvements, electrical and plumbing systems, drywall, kitchen and
> more.
>
> 3. LEASE PROGRAM - Once the property is remodeled, we proceed to lease it,
> ensuring returns above 9% per year.
>
> 4. PROPERTY ADMINISTRATION - We take care of the administration
> including the following: – Receive the rent[,] – Pay expenses[,] – Monitor
> repairs[,] – Send a monthly account statement.
>
> 5. PROPERTY SALE - At this point, the property enters our system, is listed in
> our sales inventory and offered to investors as a stable option for their portfolio.

*See* Exhibit A, Page 3.

53.     Defendant, ABC Capital Miami, LLC is an affiliate of the original ABC entity,

Defendant, ABC Capital Investments, LLC. Defendant, ABC Capital Investments, LLC was

founded by Defendants, Jay Walsh, Amir Vana, and Yaron Zer in or around March 2011.

54.     Over the following decade, Defendant, ABC Capital Investments, LLC, at the direction

of, *inter alia,* Defendants, Jay Walsh, Amir Vana, and Yaron Zer, created a network of ABC

affiliates that work in conjunction with each other in the Miami, Baltimore, and Philadelphia

markets, including, but not limited to:

> a.   Defendant, ABC Capital RE LTD, which, upon information and belief, focuses of
>
>      the purchase, sale, and management of real estate in the greater Philadelphia area;
>
> b.   Defendant, ABC Capital - Baltimore, LLC, which, upon information and belief,
>
>      focuses of the purchase and sale of real estate in the greater Baltimore area;

    c.   Defendant, ABC Capital Miami, LLC, which, upon information and belief, focuses of the purchase and sale of real estate in the greater Miami area;

    d.   Defendant, ABC Management – Baltimore, LLC, which, upon information and belief, focuses of the renovation and management of real estate in the greater Baltimore area; and,

    e.   Defendant, Philly Metro Builders, LLC, which, upon information and belief, focuses of the renovation of real estate in the greater Philadelphia area.

55.     It is believed and therefore averred that Defendants, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, and ABC Capital Realty, LLC are all additional members of RICO Enterprise that serve "back-office", rather than client-facing, aspects of the RICO Enterprise.

56.     Defendant, ABC Capital RE, LTD currently maintains a website at www.abccapitalinvestments.com, which, as of March 18, 2021, represents to prospective clients that:

> ABC Capital RE, LTD offers a totally passive way to hold Real Estate. No physical or administrative involvement is required from our clients. By working with ABC, you retain legal control through your own entity or in your personal name but we handle the rest of your affairs if you wish. Everything regarding your property is cared for by ABC Capital RE, LTD."

*See* Exhibit B, Page 1

57.     Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, further explains on its "About ABC Capital" page that:

> ABC Capital RE, LTD is a one-stop shop for overseas and US real estate clients. We locate, renovate, and manage properties for hands off international/national clients.  You do not have the risk of buying securities but instead your real estate properties remain in your own separate legal entity. ABC has presented our unique value proposition all over the world including cities and countries such as

London, Singapore, Tel Aviv, Monaco, and New York. Our rental properties are cash-flow producing in the Philadelphia residential markets.

*See* Exhibit B, Page 4.

58.     Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, represents how it

works:

> 1. Choose your income property – ABC researches and locates the best rental properties to compliment our investor's needs and portfolio. Our clients just need to select a property from our stock. Normal range for our properties is from $25,000 to $50,000.
>
> 2. We renovate it for you – The ABC Capital RE, LTD team will renovate your property in a maximum of 120 days. Our team has renovated and developed over 1,000  properties. You will receive a finished product with no effort on your part. The normal cost of our renovations range from $35,000 to $100,000. The cost of renovation is guaranteed by ABC Capital RE, LTD.
>
> 3. Start receiving your rental income – You will receive your first monthly payment never later than 121 days after your purchase and every 30 days thereafter via electronic funds transfers.  First year rent income is guaranteed and starting the second year you may be able to get rent insurance if you so choose. Return on Investments are 14%+ yearly, in addition to property appreciation.

*See* Exhibit B, Page 2.

59.     Defendant, ABC Capital RE, LTD's current website, as of March 18, 2021, further

represents to prospective clients the following "Highlights":

> Home Warranty – We fully renovate the properties, including a new roof with a 15-year warranty, but clients also receive a 1-year home warranty (from June 2016, it will only be 6 months) that covers your property for all damages and repairs needed within the first year of your purchase. No maintenance expenses during the first year!
>
> Rent Protect – ABC Capital ensures that your monthly payment is delivered to you without fail. Yes, a guarantee that payments are made to you for the first year after purchase. You may choose to pay for that insurance (if available ) in the 2nd and succeeding years.
>
> Electronic Monthly Payments  – Every month, your Return On Investment is sent to you via electronic funds transfer. Just provide us with the proper wiring instructions and your payments are sent automatically.

*See* Exhibit B, Page 2.

60.    Defendant, ABC Capital RE, LTD's website, as of March 18, 2021, also explained its

"Full Renovations" to prospective clients, stating:

> After you purchase a property from our catalog, our sister company, Philly Metro
> Builders will conduct a FULL renovation. This includes new boiler and new
> roofing (15 years warranty), so the property will have very little or no
> maintenance during the next years. The full renovation is conducted in less than
> 90 days after the purchase of your home.

*See* Exhibit B, Page 3.

61.    Plaintiffs reasonably and justifiably depended upon the representations from Defendants,

Ricardo Scattolini and Florencia Melendez, as well as the representations Plaintiffs viewed on

www.abccapitalmiami.com in deciding to invest funds with Defendant, ABC Capital Miami,

LLC.

62.    In or around Fall 2018, Defendant, Florencia Melendez worked with Plaintiff to establish

an initial investment into Defendant, ABC Capital Miami, LLC's "Product".

63.    Defendant, Florencia Melendez, believed with the assistance of other unknown

individuals, selected properties in Baltimore, MD and Philadelphia, PA for Plaintiff, Lifelight

Group LLC to purchase.

64.    Defendant, Florencia Melendez, believed with the assistance of other unknown

individuals, provided Plaintiff, Dr. Michan a spreadsheet reflecting the costs and return on the

selected properties.

65.    On or about November 13, 2021, Defendant, Florencia Melendez provided Plaintiff, Dr.

Michan an update via email, stating that "[w]e had to do a unit change because 238 Collins was

sold. It was replaced by 2528 Francis St." As a result of the change, Defendant, Florencia

Melendez further provided an updated spreadsheet, via email, stating that the "change []

increases the CAP to 11.73% at $536,000." Attached hereto as Exhibit C ("ROI Spreadsheet") is the updated spreadsheet provided on November 13, 2018.

66.     In the ROI Spreadsheet, Defendant, Florencia Melendez represented to Plaintiff, Dr. Michan that in exchange for an initial $536,000 investment, Plaintiff, Lifelight Group, LLC would purchase the following properties:

    a.  1302 McHenry in Baltimore (2 Bed, 1 Bath) – purchase price of $84,000;

    b.  5840 Angora in Philadelphia (3 Bed, 1 Bath) – purchase price of $90,000;

    c.  1917 S. Cecil St in Philadelphia (3 Bed, 1 Bath) – purchase price - $92,500;

    d.  1415 Poplar Grove in Baltimore (3 Bed, 1 Bath) – purchase price - $96,500;

    e.  2528 Francis in Baltimore (3 Bed, 1 Bath) – purchase price - $85,000; and,

    f.  2017 Sinclair in Baltimore (3 Bed, 1 Bath) – purchase price $88,000.

*See* Exhibit C.

67.     In the ROI Spreadsheet, Defendant, Florencia Melendez fraudulently, deceptively, and/or corruptly further represented to Plaintiff, Dr. Michan that each of the foregoing properties were currently "RENTED". *See* Exhibit C, Page 3.

68.     In the ROI Spreadsheet, Defendant, Florencia Melendez further represented to Plaintiff, Dr. Michan that the combined investment would provide a 11.73% "CAP Rate" in the first year and a 10.61% "CAP" in the second year.[2] *See* Exhibit C, Pages 2-3.

69.     After reviewing the ROI Spreadsheet, Plaintiff, Dr. Michan provided Defendant, Florencia Melendez authorization to initiate the process.

---

[2]     The capitalization rate, also known as cap rate, is used in the world of commercial real estate to indicate the rate of return on a real estate investment property. This measure is computed based on the net income on the property and is calculated by dividing net operating income by property asset value and is expressed as a percentage.

70.     Defendant, Florencia Melendez, believed with the assistance of other unknown individuals, created an entity on behalf of Plaintiff, Dr. Michan to serve as the investment vehicle, specifically, Plaintiff, Lifelight Group LLC, on or about November 20, 2018 with Plaintiff, Dr. Michan as the sole owner thereof.

71.     At the direction of Defendants, Ricardo Scattolini and Florencia Melendez, Plaintiffs made the following wire transfers as payment:

  a.   $10,000 on or about November 15, 2018 to Non-Party, Assurance Abstract Corp.;

  b.   $10,000 on or about November 15, 2018 to Non-Party, Masters Title and Escrow;

  c.   $10,000 on or about November 15, 2018 to Non-Party, Lawrence S. London of Clear Title Group Maht Attorney Escrow; and,

  d.   $10,000 on or about November 16, 2018 to Defendant, ABC Capital R.E., Ltd.

72.     However, at some point on or about November 13, 2018, Defendant, Florencia Melendez substituted a property located at 1739 E. 30th Street, Baltimore, MD 21218 in place of the 1302 McHenry property.[3]

73.     On or about November 13, 2018, Defendant, Florencia Melendez and/or other members of the RICO Enterprise executed various contracts, as detailed below, on behalf of Plaintiff, Lifelight Group, LLC – Plaintiffs were not provided copies of any of the various contracts prior

---

[3]     Nonetheless, Defendant, Florencia Melendez provided Plaintiffs an executed Real Estate Contract of Sale for the purchase of the real property located at and known as 1302 McHenry Street, Baltimore, MD 21223 (the "1302 McHenry Street Property") from Defendant, ABC Capital Baltimore, LLC for forty thousand dollars ($40,000). *See* Exhibit D. As an additional addendum to the aforementioned Real Estate Contract of Sale is an executed contract with Defendant, ABC Management – Baltimore, LLC for it to renovate the entire home at a cost of $39,500. *See* Exhibit D, Page 6. Further, Defendant, Florencia Melendez provided Plaintiffs am executed Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 1302 McHenry Street Property. *See* Exhibit E.

to settlement on the properties. Nor did the RICO Enterprise memorialize the investment

agreement between Defendant, ABC Capital Miami, LLC and Plaintiffs.

**1415 Poplar Grove, Baltimore, MD 21216**

74.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO

Enterprise – entered into a Real Estate Contract of Sale for the purchase of the real property

located at and known as 1415 Poplar Grove Street, Baltimore, MD 21216 (the "1415 Poplar

Grove Street Property") from Defendant, ABC Capital Baltimore, LLC for thirty-five thousand

dollars ($35,000). *See* Exhibit F.

75.     As an addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC

Capital Baltimore, LLC also contractually agreed to the following terms:

> 1.      Property is warrantied for 12 months. Client will have NO maintenance at
> all for 12 months.
> 2.      Roof is warranteis [sic] for 12 years.
> 3.      Rents are guaranteed for $1300 [sic] per month for 1 year.
> 4.      Buyer will pay 10% for Property Management for Year One.
> 5.      If ABC offers a rental assurance or maintenance plan[,] they will be billed
> in full in December of each year.
> 6.      If Client or ABC terminates the property management agreement, all
> warranties provided by ABC and its affiliates and NULL and void.

*See* Exhibit F, Page 5.

76.     As an additional addendum to the aforementioned Real Estate Contract of Sale,

Defendant, ABC Management – Baltimore, LLC contractually agreed to renovate the entire

home at a cost of $57,000, including*, inter alia*, (i) new electric; (ii) new plumbing; (iii) new

roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. *See* Exhibit F, Page 6.

77.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO

Enterprise – also entered into a Property Management Contract with Defendant, ABC

Management - Baltimore, LLC concerning the 1415 Poplar Grove Street Property. *See* Exhibit G.

78.     However, per the HUD Settlement Statement, the seller was in fact Non-Party, JV 1415 Poplar Grove LLC, not Defendant, ABC Capital RE LTD. *See* Exhibit H.

79.     It is believed and therefore averred that Non-Party, JV 1415 Poplar Grove LLC was an entity created by the RICO Enterprise for a prior customer.

80.     Further, per the HUD Settlement Statement, Defendant, ABC Capital Miami, LLC received a $11,040 "Commission" fee, as well as a $499 Processing fee. *See* Exhibit H, Page 2.

81.     Additionally, per the HUD Settlement Statement, Defendant, ABC Management – Baltimore, LLC received $57,000 for "Rehab Fee" as payment for contractual agreement to renovate the entire home.  *See* Exhibit H, Page 2.

**2017 Sinclair Lane, Baltimore, MD 21213**

82.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO Enterprise – entered into a Real Estate Contract of Sale for the purchase of the real property located at and known as 2017 Sinclair Lane, Baltimore, MD 21213 (the "2017 Sinclair Lane Property") from Defendant, ABC Capital Baltimore, LLC for fifty thousand dollars ($50,000). *See* Exhibit I.

83.     As an addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Capital Baltimore, LLC also contractually agreed to the following terms:

    1.      Property is warrantied for 12 months. Client will have NO maintenance at all for 12 months.
    2.      Roof is warranteis [sic] for 12 years.
    3.      Rents are guaranteed for $1075 [sic] per month for 1 year.
    5.      Buyer will pay 10% for Property Management for Year One.
    6.      If ABC offers a rental assurance or maintenance plan[,] they will be billed in full in December of each year.

      7.     If Client or ABC terminates the property management agreement, all warranties provided by ABC and its affiliates and NULL and void.

*See* Exhibit I, Page 5.

84.     As an additional addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC Management – Baltimore, LLC contractually agreed to renovate the entire home at a cost of $33,500 including*, inter alia*, (i) new electric; (ii) new plumbing; (iii) new roof; (iv) new kitchen and bathroom; and, (v) new stove and water heater. See Exhibit I, Page 6.

85.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO Enterprise – also entered into a Property Management Contract with Defendant, ABC Management - Baltimore, LLC concerning the 2017 Sinclair Lane Property. *See* Exhibit J.

86.     However, per the HUD Settlement Statement, the seller was in fact Non-Party, Novato Ventures, LLC, not Defendant, ABC Capital Baltimore, LLC. *See* Exhibit K.

87.     It is believed and therefore averred that Non-Party, Novato Ventures, LLC was an entity created by the RICO Enterprise for a prior customer.

88.     Further, per the HUD Settlement Statement, Defendant, ABC Capital Miami, LLC received a $499 Processing fee and a $10,020 Commission while Defendant, ABC Capital – Baltimore, LLC received a $148.89 Closing fee. *See* Exhibit K, Page 2.

89.     Additionally, per the HUD Settlement Statement, Defendant, ABC Management - Baltimore, LLC received $33,500 for "Rehab Fee" as payment for contractual agreement to renovate the entire home. *See* Exhibit K, Page 2.

### 2528 Francis Street, Baltimore, MD 21217

90.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO Enterprise – entered into a Real Estate Contract of Sale for the purchase of the real property located at and known as 2528 Francis Street, Baltimore, MD 21217 (the "2528 Francis Street

Property") from Defendant, ABC Capital Baltimore, LLC for forty thousand dollars ($40,000).

*See* Exhibit L.

91.     As an addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC

Capital Baltimore, LLC also contractually agreed to the following terms:

> 1.     Property is warrantied for 12 months. Client will have NO maintenance at all for 12 months.
> 2.     Roof is warranteis [sic] for 12 years.
> 3.     Rents are guaranteed for $1200 [sic] per month for 1 year.
> 4.     Buyer will pay 10% for Property Management for Year One.
> 5.     If ABC offers a rental assurance or maintenance plan[,] they will be billed in full in December of each year.
> 6.     If Client or ABC terminates the property management agreement, all warranties provided by ABC and its affiliates and NULL and void.

*See* Exhibit L, Page 5.

92.     As an additional addendum to the aforementioned Real Estate Contract of Sale,

Defendant, ABC Management – Baltimore, LLC also contractually agreed to renovate the entire

home at a cost of $42,500 including, *inter alia*, (i) new electric; (ii) new plumbing; (iii) new roof;

(iv) new kitchen and bathroom; and, (v) new stove and water heater. See Exhibit L, Page 6.

93.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO

Enterprise – also entered into a Property Management Contract with Defendant, ABC

Management - Baltimore, LLC concerning the 2528 Francis Street Property. *See* Exhibit M.

94.     Further, per the HUD Settlement Statement, Defendant, ABC Capital Miami, LLC

received a $499 Processing fee and a $9,660 Broker Fee. *See* Exhibit N, Page 2.

95.     Further, per the HUD Settlement Statement, Non-Party, Ariel Investments, LLC and

Defendant, ABC Capital RE LTD each received a $2,000 "Assignment Fee". *See* Exhibit N,

Page 2.

96.     Additionally, per the HUD Settlement Statement, Defendant, ABC Management -

Baltimore, LLC received $42,500 for "Rehab" as payment for contractual agreement to renovate

the entire home. *See* Exhibit N, Page 2.

**1739 E. 30th Street, Baltimore, MD 21218**

97.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO

Enterprise – entered into a Real Estate Contract of Sale for the purchase of the real property

located at and known as 1739 E. 30th Street, Baltimore, MD 21218 (the "1739 E. 30th Street

Property") from Defendant, ABC Capital Baltimore, LLC for thirty-seven thousand dollars

($37,000). *See* Exhibit O.

98.     As an addendum to the aforementioned Real Estate Contract of Sale, Defendant, ABC

Capital Baltimore, LLC also contractually agreed to the following terms:

> 1.      Property is warrantied for 12 months. Client will have NO maintenance at
> all for 12 months.
> 2.      Roof is warranteis [sic] for 12 years.
> 3.      Rents are guaranteed for $1250 [sic] per month for 1 year.
> 4.      The client is responsible for all utilities at the property during
> construction. If ABC pays they will be billed to the owner first billing rental
> statement.
> 5.      Client is responsible for insurance during construction. ABC will pay this
> and bill client on their first rental statement.
> Buyer will pay 10% for Property Management for Year One.
> If ABC offers a rental assurance or maintenance plan[,] they will be billed in full
> in December of each year.
> 8.      If Client or ABC terminates the property management agreement, all
> warranties provided by ABC and its affiliates and NULL and void.

*See* Exhibit O, Page 5.

99.     As an additional addendum to the aforementioned Real Estate Contract of Sale,

Defendant, ABC Management – Baltimore, LLC also contractually agreed to renovate the entire

home at a cost of $42,500 including*, inter alia*, (i) new electric; (ii) new plumbing; (iii) new roof;

(iv) new kitchen and bathroom; and (v) new stove and water heater. *See* Exhibit O, Page 6.

100.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO

Enterprise – also entered into a Property Management Contract with Defendant, ABC

Management - Baltimore, LLC concerning the 1739 E. 30th Street Property. *See* Exhibit P.

101.     Further, per the HUD Settlement Statement, Defendant, ABC Capital Miami, LLC

received a $499 Processing fee and a $9,540 Broker Fee. *See* Exhibit Q, Page 2.

102.     Additionally, per the HUD Settlement Statement, Defendant, ABC Management -

Baltimore, LLC received $42,500 for "Rehab" as payment for contractual agreement to renovate

the entire home. *See* Exhibit Q, Page 2.

### 1917 S. Cecil St., Philadelphia, PA 19143

103.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO

Enterprise – entered into a Standard Agreement for the Sale of Real Estate for the purchase of

the real property located at and known as 1917 S. Cecil St., Philadelphia, PA 19143 (the "1917

S. Cecil Street Property") from Defendant, ABC Capital RE LTD for eighty-nine thousand

dollars ($89,000). *See* Exhibit R.

104.     As an addendum to the aforementioned Standard Agreement for the Sale of Real Estate,

Defendant, Defendant, ABC Capital RE LTD also contractually agreed to the following terms:

    1.     Property is warrantied for 12 months. Client will have NO maintenance at
all for 12 months.
    2.     Roof is warrantied for 12 years.
    3.     Rents are guaranteed for $950 per month for 1 year.
    4.     Buyer will pay 10% for Property Management for Year One.
    5.     If ABC offers a rental assurance or maintenance plan[,] they will be billed
in full in December of each year.
    6.     If Client or ABC terminates the property management agreement, all
warranties provided by ABC and its affiliates and NULL and void.

*See* Exhibit R, Page 14.

105.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO

Enterprise – also entered into a Property Management Agreement with Defendant, ABC Capital

RE LTD concerning the 1917 S. Cecil Street Property. *See* Exhibit S.

106.     However, per the HUD Settlement Statement, the seller was in fact Defendant, NHS

Investments LLC, not Defendant, ABC Capital RE LTD. *See* Exhibit T.

107.     It is believed and therefore averred that Defendant, NHS Investments LLC was an entity

created by the RICO Enterprise for a prior customer.

108.     Further, per the HUD Settlement Statement, Defendant, ABC Capital Miami, LLC

received a $10,680 "Commission" fee, as well as a $499 Processing fee. *See* Exhibit T, Page 2.

109.     Additionally, per the HUD Settlement Statement, Defendant, ABC Capital RE LTD

received $16,686.18 for "Rehab Reimbursement." *See* Exhibit T, Page 2. However, Plaintiffs

were not provided a copy of the applicable renovation contract.

**5840 Angora Terrace, Philadelphia, PA 19143**

110.     On or about November 13, 2018, Plaintiff, Lifelight Group LLC entered into a Standard

Agreement for the Sale of Real Estate for the purchase of the real property located at and known

as 5840 Angora Terrace, Philadelphia, PA 19143 (the "5840 Angora Terrace Property") from

Defendant, ABC Capital RE LTD for eighty-six thousand five hundred dollars ($86,500). *See*

Exhibit U.

111.     As an addendum to the aforementioned Standard Agreement for the Sale of Real Estate,

Defendant, Defendant, ABC Capital RE LTD also contractually agreed to the following terms:

    1.     Property is warrantied for 12 months. Client will have NO maintenance at
all for 12 months.
    2.     Roof is warrantied for 12 years.
    3.     Rents are guaranteed for $1000 [sic] per month for 1 year.
    4.     Buyer will pay 10% for Property Management for Year One.

5.      If ABC offers a rental assurance or maintenance plan[,] they will be billed in full in December of each year.

6.      If Client or ABC terminates the property management agreement, all warranties provided by ABC and its affiliates and NULL and void.

*See* Exhibit U, Page 14.

112.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO Enterprise – also entered into a Property Management Agreement with Defendant, ABC Capital RE LTD concerning the 5840 Angora Terrace Property. *See* Exhibit S.

113.    However, per the HUD Settlement Statement, the seller was in fact Non-Parties, Emagination Contracting, LLC and David Frederick Ralls, Jr as Administrator of the Estate of Florence L. Ralls, not Defendant, ABC Capital RE LTD. *See* Exhibit V.

114.    It is believed and therefore averred that Non-Party, Emagination Contracting, LLC was an entity created by the RICO Enterprise for a prior customer, i.e. Non-Party, Florence L. Ralls.

115.    Further, per the HUD Settlement Statement, Defendant, ABC Capital Miami, LLC received a $499 Processing fee and a $10,380 Commission. *See* Exhibit V.

116.    Additionally, per the HUD Settlement Statement, Defendant, Philly Metro Builders, LLC received $33,090.05 for "Rehab" as payment for contractual agreement to renovate the entire home. *See* Exhibit V, Page 2. However, Plaintiffs were not provided a copy of the applicable renovation contract.

117.    At the direction of Defendants, Ricardo Scattolini and Florencia Melendez, Plaintiffs made the following wire transfers as the settlement payments:

      a.    $158,000 on or about November 30, 2018 to Non-Party, Masters Title and Escrow;

      b.    $173,500 on or about November 30, 2018 to Non-Party, Lawrence S. London of Clear Title Group Maht Attorney Escrow; and,

c.   $171,500 on or about December 10, 2018 to Defendant, ABC Capital R.E., Ltd.

**MANAGEMENT OF THE PROPERTIES**

118.    Starting on or about November 30, 2018, Defendant, ABC Management – Baltimore, LLC was contractually responsible for the management of: (i) the 1415 Poplar Grove Street Property; (ii) the 2017 Sinclair Lane Property; (iii) the 2528 Francis Street Property; and, (iv) the 1739 E. 30th Street Property (collectively herein, the "Baltimore Properties"). *See* Exhibits G, J, M, & O.

119.    Starting on or about November 30, 2018, Defendant, ABC Capital RE LTD was contractually responsible for the management of the 1917 S. Cecil Street Property and the 5840 Angora Terrace Property. *See* Exhibit S.

120.    During the course of the first year, Plaintiffs received rental payments each month on each of the properties.

121.    However, upon information and belief, Defendant, ABC Management – Baltimore, LLC failed to rent out any of the properties under its management, nor undertook any efforts to rent out the properties under its management.

122.    Likewise, upon information and belief, Defendant, ABC Capital RE LTD failed to rent out either of the properties under its management, nor undertook any efforts to rent out the properties under its management.

123.    It is believed and therefore averred, that the RICO Enterprise maintained its front as a successful real estate investment firm through a ponzi-like scheme or practice. Specifically, the RICO Enterprise would use funds of new investors, including funds specifically earmarked for renovations of those new investors' properties, to make the guaranteed rental payments to prior investors and/or to buy-back the prior investors' properties.

124.    In or around December 2019, Plaintiffs were charged an insurance fee for the 2020 fiscal

year to pay for "rental assurance", i.e. to provide rental income for each of the properties should

the RICO Enterprise not rent out the properties and/or should the renters fail to make payments.

125.    However, in January and February 2020, Plaintiffs only received rental payments for two

of the six properties. In March 2020 and thereafter, Plaintiffs did not receive any rental payments

from the RICO Enterprise despite paying for "rental assurance" insurance for the 2020 fiscal

year.

126.    It is believed and therefore averred that the pool of new investors was running dry by

March 2020 due to the aforementioned RICO lawsuit being filed on or about December 24, 2019

(EDPA No. 19-6116).

127.    In or around May 2020, after receiving limited responses from the RICO Enterprise,

Plaintiff, Dr. Michan travelled to Baltimore and Philadelphia to view the properties and

discovered that each of the properties were in a state of complete disrepair, extensively damaged,

and unoccupied.

128.    Upon contacting Defendant, ABC Capital Miami, LLC, Plaintiff, Dr. Michan was

referred to Defendant, Jay Walsh and his counsel, Non-Party, Andrew Swain, Esquire.

Defendant, Walsh proposed to "buy-back" the properties subject to Defendant, ABC Capital

Miami, LLC locating new investors to purchase the properties. However, Defendant, Jay Walsh

further stated that Defendant, ABC Capital Miami, LLC would only begin searching for new

investors upon receipt of a full release of claims.

129.    Notably, the Settlement and Release Agreement provided for a release of the following

entities that were defined collectively as "ABC": (i) ABC Capital Investments, LLC; (ii) ABC

Capital RE, Ltd; (iii) ABC Capital RE; (iv) IPP USA, LLC; (v) Philly Metro Builders, LLC; (vi)

Stateside APM; (vii) ABC Capital – Baltimore, LLC; (viii) ABC Management – Baltimore, LLC; (ix) ABC Capital Miami, LLC; (x) 477 Management, LLC; (xi) 477 International Realty, LLC. *See* Exhibit AB.

130.    Although Plaintiffs did not agree to any release, Non-Party, Andrew Swain, Esquire communicated to Plaintiff that Defendant, ABC Capital Miami, LLC was attempting to find buyers / investors to purchase the properties.

131.    In or around Summer 2020, Plaintiffs terminated the property management contacts and agreements with Defendant, ABC Management – Baltimore, LLC and Defendant, ABC Capital RE LTD and retained a new property manager.

132.    Thereafter, Plaintiffs have not received any further updates from Non-Party, Andrew Swain, Esquire or Defendant, Jay Walsh concerning sale of the properties.

133.    Plaintiffs have since discovered that Defendants, ABC Management – Baltimore, LLC failed to perform *any* renovations to the Baltimore Properties despite a contractual obligation to do so and receipt of the full payment to do so.

134.    Plaintiffs have since discovered that Defendant, ABC Capital RE LTD failed to perform *any* renovations of the 1917 S. Cecil Street Property despite a contractual obligation to do so and receipt of the full payment to do so.

135.    Plaintiffs have since discovered that Defendant, Philly Metro Builders, LLC failed perform *any* renovations of the 1917 S. Cecil Street Property despite a contractual obligation to do so and receipt of the full payment to do so.

136.    The RICO Enterprise failed to perform any renovations to any of the six properties under its management despite full receipt of the approximately $225,000 for the full rehab of the properties.

137.    One or more members of the RICO Enterprise, believed to include, but not be limited to, Defendants, Jay Walsh, Amir Vana, and Yaron Zer, knew and intended for the six properties to not be renovated and instead knowingly directed the RICO Enterprise to use the rehabilitation sums to pay prior investors the guaranteed rental income payments.

## WATER BILLS

138.    Plaintiffs discovered that several properties possessed significant outstanding water bills that existed at the time of Plaintiffs' purchase of the properties, which were never disclosed to Plaintiffs nor were extinguished. Specifically,

    a.  The 2528 Francis Street Property possessed an outstanding sum of approximately $25,200;

    b.  The 1739 E. 30th Street Property possessed an outstanding sum of approximately $14,200;

    c.  The 1415 Popular Grove Street Property possessed an outstanding sum of approximately $2,750; and,

    d.  The 2017 Sinclair Lane Property possessed an outstanding sum of appropriately $2,400.

139.    Plaintiff, Dr. Michan was shocked to learn that over $40,000 in water bills were outstanding on the four properties in Baltimore, particularly as (i) Defendant, Florencia Melendez had represented to Plaintiff that the "purchase price" included, *inter alia*, payment of all outstanding water bills; and (ii) Defendant, Ricardo Scattolini had represented to Plaintiff that any outstanding encumbrances, liens, or bills associated with the properties would be extinguished at settlement.

140.    Notably, the HUD Statement for the 1415 Popular Grove Street Property reflects that a payment for "Water Due" in the amount of $957.22 was included in the "Settlement Charges" paid by Plaintiffs. *See* Exhibit H, Page 2.

141.    Notably, the HUD Statement for the 2017 Sinclair Lane Property reflects that a payment for "Water Due" in the amount of $122.58  was included in the "Settlement Charges" paid by Plaintiffs. *See* Exhibit K, Page 2.

142.    Upon information and belief, Defendant, Florencia Melendez and/or Defendant, Ricardo Scattolini had actual knowledge of the outstanding water bills and fraudulently, recklessly, and/or deceptively failed to disclose the existence and amount of the outstanding water bills on the Baltimore properties to Plaintiffs.

143.    Upon information and belief, the RICO Enterprise intentionally concealed the existence and amount of the outstanding water bills on the Baltimore properties from Plaintiffs and never intended to pay the outstanding water bills in full.

144.    Additionally, it is believed and therefore averred that the RICO Enterprise misrepresented and deliberately failed to pay expenses associated with the purchase and management of the Property. Instead, it is believed that the RICO Enterprise used the funds to continue its ponzi-scheme payments.

## OWNERSHIP OF BALTIMORE PROPERTIES

145.    Plaintiffs have recently discovered that Plaintiff, Lifelight Group LLC is *not* the owner of the Baltimore Properties, but instead only owns a "leasehold interest" therein. *See* Exhibits X, Y, Z, and AA.

146.    Upon information and belief, leasehold estates are common in the Baltimore, MD area; in which an estate maintains ownership of the land and creates a ninety-nine (99) year lease, renewable in perpetuity, but subject to semi-annual payments of ground rent.

147.    The RICO Enterprise fraudulently, deceptively, and/or corruptly failed to disclose to Plaintiffs that Plaintiff, Lifelight Group LLC was *not* the owner of the land on which the Baltimore Properties are situated.

148.    Upon information and belief, Plaintiff, Lifelight Group LLC now must pay additional sums to convert the leasehold interest to a fee simple interest in order to purchase the applicable land from the applicable estates.

149.    Despite entering into and settling upon a Real Estate Contract of Sale for the purchase of the 1415 Poplar Grove Street Property (*see* Exhibits F & H), the RICO Enterprise, by and through Non-Party, Lawrence S. London, Esq. t/a Clear Title Group, fraudulently and corruptly recorded an "Assignment" of the 1415 Poplar Grove Street Property from Non-Party Grantor, JV 1415 Poplar Grove LLC to Plaintiff, Lifelight Group LLC as grantee. *See* Exhibit X.

150.    Further, the assignment also notes that Plaintiff, Lifelight Group LLC owes  an "Annual Ground Rent" in the amount of $96 to Non-Party Grantor, JV 1415 Poplar Grove LLC. *See* Exhibit X.

151.    Despite entering into and settling upon a Real Estate Contract of Sale for the purchase of the 2017 Sinclair Lane Property (*see* Exhibits I & K), the RICO Enterprise, by and through Non-Party, Lawrence S. London, Esq. t/a Clear Title Group, fraudulently and corruptly recorded an "Assignment" of the 2017 Sinclair Lane Property from Non-Party Grantor, Novato Ventures, LLC to Plaintiff, Lifelight Group LLC as grantee. *See* Exhibit Y.

152.    Further, the assignment also notes that Plaintiff, Lifelight Group LLC owes  an "Annual Ground Rent" in the amount of $60 to Non-Party Grantor, Novato Ventures, LLC. *See* Exhibit Y.

153.    Despite entering into and settling upon a Real Estate Contract of Sale for the purchase of the 2528 Francis Street Property (*see* Exhibits L & N), the RICO Enterprise, by and through Non-Party, Masters Title & Escrow, fraudulently and corruptly recorded an "Assignment" of the 2528 Francis Street Property from Defendant-Grantor, ABC Capital – Baltimore, LLC to Plaintiff, Lifelight Group LLC as grantee. *See* Exhibit Z.

154.    Further, the assignment also notes that Plaintiff, Lifelight Group LLC owes  an "Annual Ground Rent" in the amount of $72 to Defendant-Grantor, ABC Capital – Baltimore, LLC. *See* Exhibit Z.

155.    Despite entering into and settling upon a Real Estate Contract of Sale for the purchase of the 1739 E. 30th Street Property (*see* Exhibits O & Q), the RICO Enterprise, by and through Non-Party, Masters Title & Escrow, fraudulently and corruptly recorded an "Assignment" of the 1739 E. 30th Street Property from Defendant-Grantor, ABC Capital – Baltimore, LLC to Plaintiff, Lifelight Group LLC as grantee. *See* Exhibit AA.

156.    Notably, the Assignment notes that the Defendant-Grantor, ABC Capital – Baltimore, LLC only possessed a "leasehold interest" in the 1739 E. 30th Street Property as assigned to it from Non-Party, Evan J. Feldman, Personal Representative of the Estate of Lum E. Brown Jr. *See* Exhibit AA.

157.    Further, the assignment also notes that Plaintiff, Lifelight Group LLC owes  an "Annual Ground Rent" in the amount of $90 to Defendant-Grantor, ABC Capital – Baltimore, LLC. *See* Exhibit AA.

## OWNERSHIP OF THE 1917 S. CECIL PROPERTY

158.     Plaintiffs have recently discovered that Plaintiff, Lifelight Group LLC is *not* the recorded owner of the 1917 S. Cecil Street Property; but that the owner remains Defendant, NHS Investments LLC.

159.     It is believed and therefore averred that Defendant, NHS Investments LLC was compensated for the 1917 S. Cecil Street Property via the settlement that occurred on that property on or about November 30, 2018. *See* Exhibits R & T.

160.     It is believed and therefore averred that Defendant, ABC Capital RE LTD negligently failed to effectuate the recording of the deed for the 1917 S. Cecil Street Property in the name of Plaintiff, Lifelight Group LLC.

161.     In the alternative, it is believed and therefore averred that the RICO Enterprise did not have the authority to sell the 1917 S. Cecil Street Property on behalf of Defendant, NHS Investments LLC and committed fraud on Plaintiffs for holding itself out as having such authority.

## V.     CAUSES OF ACTION

### COUNT I
**Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")**
*Plaintiffs v. Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, Philly Metro Builders, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, Jay Walsh, Amir Vana, Yaron Zer, Florencia Melendez, Ricardo Scattolini, and John Does 1-10.*

162.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

163.     Plaintiffs, Dr. Jose Michan-Levy and Lifelight Group LLC are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

164.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, Philly Metro Builders, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, 477 Management, LLC, 477 International Realty, LLC, IPP USA, LLC, and, Stateside APM, as well as Individual-Defendants, Jay Walsh, Amir Vana, Yaron Zer, Florencia Melendez, Ricardo Scattolini, and John Does 1-10 are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

165.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, Philly Metro Builders, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, 477 Management, LLC, 477 International Realty, LLC, IPP USA, LLC, and, Stateside APM, as well as Individual-Defendants, Jay Walsh, Amir Vana, Yaron Zer, Florencia Melendez, Ricardo Scattolini, and John Does 1-10 constitute an "enterprise" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(4).

166.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, Philly Metro Builders, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, 477 Management, LLC, 477 International Realty, LLC, IPP USA, LLC, and, Stateside APM, as well as Individual-Defendants, Jay Walsh, Amir Vana, Yaron Zer, Florencia Melendez, Ricardo Scattolini, and John Does 1-10 acted together to form an association-in-fact for the common and continuing purpose to defraud persons", including but not limited to Plaintiffs, through a ponzi-like scheme surrounding "income producing properties" as described in detail herein.

167.    Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore, LLC, Philly Metro Builders, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, 477 Management, LLC, 477 International Realty, LLC, IPP USA, LLC, and, Stateside APM, as well as Individual-Defendants, Jay Walsh, Amir Vana, Yaron Zer, Florencia Melendez, Ricardo Scattolini, and John Does 1-10 formed an enterprise and association-in-fact with an ascertainable authority structure that was separate and distinct from any formal corporate structure, i.e. the RICO Enterprise.

168.    The RICO Enterprise, knowingly, fraudulently, deceptively, and unlawfully engaged in the affairs of the RICO Enterprise through a "pattern of racketeering activities", that is believed to be ongoing, as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(1).

169.    The RICO Enterprise engaged in a pattern of indictable conduct, including conduct indictable under 18 U.S.C. 1341 (relating to mail fraud), 18 U.S.C. 1343 (relating to wire fraud), and 18 U.S.C. 1952 (relating to racketeering) in that the RICO Enterprise made use of the facilities of interstate commerce in furtherance of its ponzi-like scheme to defraud individuals, including, but not limited to, Plaintiffs herein as well as the thirty-three plaintiffs in *Alaphabet Philly, LLV, et al. v. ABC Capital Investments, LLC, et al* (EDPA No. 19-6116). *See* Exhibit W.

170.    The RICO Enterprise engages in and affects interstate commerce, including, but not limited to, in the State of Florida, the State of Maryland, and the Commonwealth of Pennsylvania, as well as overseas. Upon information and belief, the RICO Enterprise also is engages in and affects interstate commerce in the State of Michigan and the State of Missouri.

171.    As a result of the RICO Enterprise's pattern of racketeering activities, the RICO Enterprise defrauded Plaintiffs to their financial detriment.

172.    Pursuant to 18 U.S.C. § 1964, Plaintiffs are entitled to treble damages, reasonable attorneys' fees, and costs of suit for the violations committed.

## COUNT II
### Fraud
*Plaintiffs v. Defendants, ABC Capital Miami, LLC, 477 Management, LLC 477 International Realty, LLC, Florencia Melendez & Ricardo Scattolini*

173.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

174.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Florencia Melendez and Ricardo Scattolini represented to Plaintiffs that they would sell six specific properties to Plaintiffs.

175.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Florencia Melendez and Ricardo Scattolini represented to Plaintiffs that they had the authority to sell six specific properties to Plaintiffs.

176.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through, Defendants, Florencia Melendez and Ricardo Scattolini represented to Plaintiffs that in exchange for payment, Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC would:

   a.   create an new entity to hold the investment properties;

   b.   select and coordinate the purchase of the six properties for the newly created entity;

   c.   coordinate a full renovation of the properties within sixty days of settlement on each property; and,

   d.   manage all aspects of the Property, including rental, maintenance, taxes, and compliance with all applicable laws, regulations, and ordinances.

177.    Defendants, Ricardo Scattolini and Florencia Melendez explained that ABC Capital Miami, LLC guaranteed a return on investment in excess of nine percent per year.

178.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, 477 International Realty, LLC, Florencia Melendez, and Ricardo Scattolini knew that the foregoing representations were false and misleading, yet made the representations with the intent for Plaintiffs to rely thereupon.

179.    Plaintiffs justifiably depended upon the representations of Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, made by and through, Defendants, Florencia Melendez and Ricardo Scattolini to Plaintiffs' financial detriment.

## COUNT III
### Breach of Contracts
*Plaintiffs v. Defendant, ABC Management – Baltimore, LLC*

180.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

181.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC entered into four contracts for the purchase of the Baltimore Properties from Defendant, ABC Capital Baltimore, LLC. *See* Exhibits F, I, L, & O.

182.    Plaintiffs paid Defendant, ABC Capital Baltimore, LLC the full purchase amount for the Baltimore Properties. *See* Exhibits H, K, N, & Q.

183.    Defendant, ABC Capital Baltimore, LLC breached the foregoing contracts for the purchase of the Baltimore Properties by failing to record the deed transfers, as agreed, but instead recording "Assignments" of the Baltimore Properties, providing Plaintiff, Lifelight Group LLC only a "leasehold interest" in the Baltimore properties.

184.    Plaintiffs have been financially harmed by Defendant, ABC Capital Baltimore, LLC's breach of the foregoing contracts.

## COUNT IV
### Breach of Contracts

*Plaintiffs v. Defendant, ABC Management – Baltimore, LLC*

185.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

186.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC entered into a contract with Defendant, ABC Management – Baltimore, LLC for the full renovation of the 1415 Poplar Grove Street Property for a cost of $57,000. See Exhibit F, Page 5.

187.    Plaintiff, Lifelight Group LLC paid Defendant, ABC Management – Baltimore, LLC the full $57,000 for the renovation on or about November 30, 2018 through settlement / closing. *See* Exhibit H, Page 2.

188.    Defendant, ABC Management – Baltimore, LLC breached the foregoing contract by failing to make any renovations to the 1415 Poplar Grove Street Property.

189.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC entered into a contract with Defendant, ABC Management – Baltimore, LLC for the full renovation of the 2017 Sinclair Lane Property for a cost of $33,500. See Exhibit I, Page 6.

190.    Plaintiff, Lifelight Group LLC paid Defendant, ABC Management – Baltimore, LLC the full $33,500 for the renovation on or about November 30, 2018 through settlement / closing. *See* Exhibit K, Page 2.

191.    Defendant, ABC Management – Baltimore, LLC breached the foregoing contract by failing to make any renovations to the 2017 Sinclair Lane Property.

192.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC entered into a contract with Defendant, ABC Management – Baltimore, LLC for the full renovation of the 2528 Francis Street Property for a cost of $42,500. See Exhibit L, Page 6.

193.    Plaintiff, Lifelight Group LLC paid Defendant, ABC Management – Baltimore, LLC the full $42,500 for the renovation on or about November 30, 2018 through settlement / closing. *See* Exhibit N, Page 2.

194.    Defendant, ABC Management – Baltimore, LLC breached the foregoing contract by failing to make any renovations to the 2528 Francis Street Property.

195.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC entered into a contract with Defendant, ABC Management – Baltimore, LLC for the full renovation of the 1739 E. 30th Street Property for a cost of $42,500. See Exhibit O, Page 6.

196.    Plaintiff, Lifelight Group LLC paid Defendant, ABC Management – Baltimore, LLC the full $42,500 for the renovation on or about November 30, 2018 through settlement / closing. *See* Exhibit Q.

197.    Defendant, ABC Management – Baltimore, LLC breached the foregoing contract by failing to make any renovations to the 1739 E. 30th Street Property.

198.    As a result of Defendant, ABC Management – Baltimore, LLC breach of the foregoing contracts, Plaintiffs have been financially harmed, in excess of the $175,500, as well as lost rental income and other direct, compensatory, and consequential damages.

**<u>COUNT V</u>**
**Unjust Enrichment**
***(Pled in the Alternative to Counts IV)***
*Plaintiffs v. Defendant, ABC Management – Baltimore, LLC*

199.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

200.    On or about November 30, 2018, Plaintiffs, by and through the RICO Enterprise, paid Defendant, ABC Management – Baltimore, LLC the total sum of $175,500 with the understanding that Defendant, ABC Management – Baltimore, LLC would fully renovate: (i) the

1415 Poplar Grove Street Property; (ii) the 2017 Sinclair Lane Property; (iii) the 2528 Francis

Street Property; and, (iv) the 1739 E. 30th Street Property.

201.    Defendant, ABC Management – Baltimore, LLC accepted and retained the $175,500

received from Plaintiffs, understanding that Plaintiffs expected that Defendant, ABC

Management – Baltimore, LLC would fully renovate: (i) the 1415 Poplar Grove Street Property;

(ii) the 2017 Sinclair Lane Property; (iii) the 2528 Francis Street Property; or, (iv) the 1739 E.

30th Street Property.

202.    Should it be judicially-determined that Plaintiffs did not enter into binding contracts with

Defendant, ABC Management – Baltimore, LLC to fully renovate: (i) the 1415 Poplar Grove

Street Property; (ii) the 2017 Sinclair Lane Property; (iii) the 2528 Francis Street Property; or,

(iv) the 1739 E. 30th Street Property; it would be unjust for Defendant, ABC Management –

Baltimore, LLC to retain the $175,500 received from Plaintiffs under the circumstances.

**<u>COUNT VI</u>**
**Breach of Contract**
*Plaintiffs v. Defendant, ABC Capital RE LTD*

203.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

204.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC entered into a contract

with Defendant, ABC Capital RE LTD for the full renovation of the 1917 S. Cecil Street

Property for a cost of $16,686.18. Plaintiffs do not possess a copy of the written contract as the

RICO Enterprise failed to provide Plaintiffs a copy thereof.

205.    Plaintiff, Lifelight Group LLC paid Defendant, ABC Management – Baltimore, LLC

$16,686.18 for the full renovation on or about November 30, 2018 through settlement / closing.

*See* Exhibit T, Page 2.

206.    Defendant, ABC Management – Baltimore, LLC breached the foregoing contract by failing to make any renovations to the 1917 S. Cecil Street Property.

207.    As a result of Defendant, ABC Management – Baltimore, LLC breach of the foregoing contract, Plaintiffs have been financially harmed, in excess of the $16,686.18, as well as lost rental income and other direct, compensatory, and consequential damages.

## COUNT VII
### Unjust Enrichment
### *(Pled in the Alternative to Count VI)*
*Plaintiffs v. Defendant, ABC Capital RE LTD*

208.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

209.    On or about November 30, 2018, Plaintiffs, by and through the RICO Enterprise, paid Defendant, ABC Capital RE LTD the total sum of $16,686.18 with the understanding that Defendant, ABC Capital RE LTD would fully renovate the 1917 S. Cecil Street Property.

210.    Defendant, ABC Capital RE LTD accepted and retained the $16,686.18 received from Plaintiffs, understanding that Plaintiffs expected that Defendant, ABC Capital RE LTD would fully renovate the 1917 S. Cecil Street Property

211.    Should it be judicially-determined that Plaintiffs did not enter into a binding contract with Defendant, ABC Capital RE LTD to fully renovate the 1917 S. Cecil Street Property, it would be unjust for Defendant, ABC Capital RE LTD to retain the $16,686.18 received from Plaintiffs.

## COUNT VIII
### Breach of Contract
*Plaintiffs v. Defendant, Philly Metro Builders, LLC*

212.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

213.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC entered into a contract with Defendant, Philly Metro Builders, LLC for the full renovation of the 5840 Angora Terrace

Property for a cost of $33,090.05. Plaintiffs do not possess a copy of the written contract as the RICO Enterprise failed to provide Plaintiffs a copy thereof.

214.     Plaintiff, Lifelight Group LLC paid Defendant, Philly Metro Builders, LLC the full $33,090.05 for the renovation on or about December 7, 2018 through settlement / closing. *See* Exhibit V, Page 2.

215.     Defendant, Philly Metro Builders, LLC breached the foregoing contract by failing to make any renovations to the 5840 Angora Terrace Property.

216.     As a result of Defendant, Philly Metro Builders, LLC breach of the foregoing contract, Plaintiffs have been financially harmed, in excess of the $33,090.05, as well as lost rental income and other direct, compensatory, and consequential damages.

**COUNT IX**
**Unjust Enrichment**
***(Pled in the Alternative to Count VIII)***
*Plaintiffs v. Defendant, Philly Metro Builders, LLC*

217.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

218.     On or about December 7, 2018, Plaintiffs, by and through the RICO Enterprise, paid Defendant, Philly Metro Builders, LLC the total sum of $33,090.05 with the understanding that Defendant, Philly Metro Builders, LLC would fully renovate the 5840 Angora Terrace Property.

219.     Defendant, Philly Metro Builders, LLC accepted and retained the $33,090.05 received from Plaintiffs, understanding that Plaintiffs expected that Defendant, Philly Metro Builders, LLC would fully renovate the 5840 Angora Terrace Property

220.     Should it be judicially-determined that Plaintiffs did not enter into a binding contract with Defendant, Philly Metro Builders, LLC to fully renovate the 5840 Angora Terrace Property, it would be unjust for Defendant, Philly Metro Builders, LLC to retain the $33,090.05 received from Plaintiffs.

## COUNT X
### Breach of Contracts / Accounting
*Plaintiffs v. Defendant, ABC Management – Baltimore, LLC*

221.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

222.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO Enterprise – entered into four Property Management Contracts with Defendant, ABC Management - Baltimore, LLC, concerning: (i) the 1415 Poplar Grove Street Property; (ii) the 2017 Sinclair Lane Property; (iii) the 2528 Francis Street Property; or, (iv) the 1739 E. 30th Street Property. *See* Exhibits G, J, M, & P.

223.    It is believed and therefore averred that Defendant, ABC Management - Baltimore, LLC received compensation for the management of: (i) the 1415 Poplar Grove Street Property; (ii) the 2017 Sinclair Lane Property; (iii) the 2528 Francis Street Property; or, (iv) the 1739 E. 30th Street Property. *See* Exhibits G, J, M, & P.

224.    However, despite contractually agreeing to manage the aforementioned properties, Defendant, ABC Management - Baltimore, LLC breached the foregoing Property Management Contracts by failing to:

  a. Take reasonable business steps to ensure the properties were leased during its management of the properties;

  b. Take reasonable business steps to ensure the utilities used in the properties were paid;

  c. Take reasonable business steps to preserve the condition of the properties;

  d. Take reasonable steps to repair the properties;

  e. Take reasonable steps to ensure the properties met minimum, applicable codes and ordinances; and,

f.   Other breaches of the Property Management Contracts as may be discovered during the course of this lawsuit.

225.   As a result of Defendant, ABC Management - Baltimore, LLC's breaches of the applicable Property Management Contracts, Plaintiffs have been financially harmed.

## COUNT XI
### Breach of Contract / Accounting
*Plaintiffs v. Defendant, ABC Capital RE LTD*

226.   Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

227.   On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO Enterprise – entered into a Property Management Agreement with Defendant, ABC Capital RE LTD, concerning: (i) 5840 Angora Terrace Property; and, (ii) 1917 S. Cecil Street Property. *See* Exhibit S.

228.   It is believed and therefore averred that Defendant, ABC Capital RE LTD received compensation for the management of: (i) 5840 Angora Terrace Property; and, (ii) 1917 S. Cecil Street Property. *See* Exhibit S.

229.   However, despite contractually agreeing to manage the aforementioned properties, Defendant, ABC Capital RE LTD breached the foregoing Property Management Agreement by failing to:

a.   Take reasonable business steps to ensure the properties were leased during its management of the properties;

b.   Take reasonable business steps to ensure the utilities used in the properties were paid;

c.   Take reasonable business steps to preserve the condition of the properties;

d.   Take reasonable steps to repair the properties;

    e.   Take reasonable steps to ensure the properties met minimum, applicable codes and ordinances; and,

    f.   Other breaches of the Property Management Agreement as may be discovered during the course of this lawsuit.

230.    As a result of Defendant, ABC Capital RE LTD's breaches of the Property Management Agreement, Plaintiffs have been financially harmed.

## COUNT XII
### Quiet Title
*Plaintiff, Lifelight Group LLC v. Defendants, NHS Investments LLC, ABC Capital RE LTD & John Does*

231.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

232.    On or about November 13, 2018, Plaintiff, Lifelight Group LLC – through the RICO Enterprise – entered into a Standard Agreement for the Sale of Real Estate for the purchase of the 1917 S. Cecil Street Property from Defendant, ABC Capital RE LTD for eighty-nine thousand dollars ($89,000). *See* Exhibit R.

233.    However, per the HUD Settlement Statement, the seller was in fact Defendant, NHS Investments LLC, not Defendant, ABC Capital RE LTD. *See* Exhibit T.

234.    The HUD Settlement Statement reflects that Defendant, NHS Investments LLC was compensated for Plaintiffs purchase of the 1917 S. Cecil Street Property. *See* Exhibit T.

235.    However, Plaintiffs have recently discovered that Plaintiff, Lifelight Group LLC is *not* the recorded owner of the 1917 S. Cecil Street Property; but that the owner remains Defendant, NHS Investments LLC.

236.    It is believed and therefore averred that Defendant, ABC Capital RE LTD negligently failed to effectuate the recording of the deed for the 1917 S. Cecil Street Property in the name of Plaintiff, Lifelight Group LLC.

237.    Under the circumstances, Plaintiff, Lifelight Group LLC is entitled to a judicial order quieting the title to the 1917 S. Cecil Street Property in its name.

## COUNT XII
### Fraud
### *(Pled in the Alternative to Count XI)*
*Plaintiffs v. Defendants, ABC Capital Miami, LLC, 477 Management, LLC, 477 International Realty, LLC Ricardo Scattolini, and Florencia Melendez*

238.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

239.    Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, by and through Defendants, Ricardo Scattolini, and Florencia Melendez, represented to Plaintiffs, through their words and actions, that they possessed authority to effectuate the sale of the 1917 S. Cecil Street Property to Plaintiff, Lifelight Group LLC.

240.    Plaintiffs justifiably relied upon the foregoing representation.

241.    Plaintiffs transferred the sum of eighty-nine thousand dollars ($89,000), as directed by Defendants, Ricardo Scattolini and Florencia Melendez, for the purchase of the 1917 S. Cecil Street Property.

242.    To the extent discovery reveals that Defendants, ABC Capital Miami, LLC, 477 Management, LLC, and 477 International Realty, LLC, Ricardo Scattolini, and Florencia Melendez did not possess authority to effectuate the sale of the 1917 S. Cecil Street Property to Plaintiff, Lifelight Group LLC as they represented to Plaintiffs, then their representation was made knowingly and with the intent to defraud Plaintiffs.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Dr. Jose Michan-Levy and Lifelight Group LLC, by and through their Undersigned Counsel, request this Honorable Court enter judgment in their favor and against Defendants, ABC Capital Investments, LLC, ABC Capital RE LTD, ABC Capital

RE, ABC Capital Miami, LLC, ABC Capital Baltimore, LLC, ABC Management - Baltimore,

LLC, Philly Metro Builders, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC,

ABC Capital Income Fund, LLC, ABC Capital Realty, 477 Management, LLC, 477 International

Realty, LLC, IPP USA, LLC, and, Stateside APM, as well as Individual-Defendants, Jay Walsh,

Amir Vana, Yaron Zer, Florencia Melendez, Ricardo Scattolini, and John Does 1-10,

individually and/or jointly and severally, in an amount well in excess of $500,000, including all

direct, compensatory, and consequential damages, plus statutory and punitive damages, attorney

fees and costs, and such other and further relief as this Honorable Court deems necessary and

just including:

    (i)     the quieting of the title to the 1917 S. Cecil Street Property in the name of

             Plaintiff, Lifelight Group LLC; and,

    (ii)    requiring Defendants, ABC Management – Baltimore, LLC and Capital RE LTD

             to provide a full and complete accounting and audit, at their sole cost, with bank

             statements and proof of payment, to the Plaintiffs for the management of the

             properties previously under their management.

             Respectfully Submitted,

**WEISBERG LAW**             **SCHAFKOPF LAW, LLC**

*/s/ Matthew B. Weisberg*        */s/ Gary Schafkopf*
Matthew B. Weisberg            Gary Schafkopf
L. Anthony DiJiacomo, III         *Attorneys for Plaintiffs*