# EXHIBIT A

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by and between Dr. José Michan Levy and Lifelight Group, LLC (collectively, "Plaintiffs") and ABC Capital Investments, LLC, ABC Capital RE, Ltd, ABC Capital RE, ABC Capital Miami, LLC, ABC Capital-Baltimore, LLC, ABC Management-Baltimore, LLC, Philly Metro Builders, LLC, ABC Capital Finance, LLC, ABC Capital Holdings, LLC, ABC Capital Income Fund, LLC, ABC Capital Realty, LLC, 477 Management, LLC, 477 International Realty, LLC, IPP USA, LLC, Stateside APM, Ricardo Scattolini, Florencia Melendez, Jason P. Walsh, Amir Vana, and Yaron Zer (collectively, "Defendants"). Plaintiffs and Defendants will be collectively referred to herein as the "Parties".

**WHEREAS**, over time, certain disputes arose among the Parties over time;

**WHEREAS**, on or about April 26, 2021, Plaintiffs initiated a lawsuit against, *inter alia*, Defendants in the United States District Court for the Eastern District of Pennsylvania (Philadelphia), Docket Number 2:21-cv-01917, asserting various claims (the "Litigation");

**WHEREAS**, the Parties desire to compromise, settle and resolve the claims between them without the risks, delays and expenses resulting from further litigation of any kind; and

**NOW THEREFORE**, intending to be legally bound, in consideration of the mutual covenants contained herein, it is hereby **AGREED** as follows:

1. In consideration for this Release, Defendants will pay a total amount of $257,000 to the Plaintiffs as follows:
    a. $25,000 due on March 3, 2022;
    b. $93,000 due on April 4, 2022;
    c. $89,000 due on April 18, 2022; and,
    d. $50,000 due on August 31, 2022.

Each of the foregoing payments shall be paid via a check, cashier's check, or money order made payable to "Weisberg Law IOLTA" and delivered to 7 S. Morton Ave., Morton, PA 19070 by the aforementioned due date.

2. In exchange for the $93,000 due to Plaintiffs on April 4, 2022, Plaintiffs shall transfer the property known as and located at 2528 Francis Street, Baltimore, MD 21217, subject to any water liens. Defendants shall be responsible for ALL associated transfer costs, fees, and taxes. Defendants shall be responsible for drafting all necessary documents to effectuate the aforementioned transfer, which shall be delivered to Plaintiffs' Counsel no later than April 1, 2022 for execution by Plaintiff.

3. In exchange for the mutual release set forth herein, Plaintiffs disclaim any and all legal interest in the property known as and located at 1917 S. Cecil St., Philadelphia, PA 19143.

4. Should Defendants fail to make any payment on the given due date, Defendants shall be in default of this agreement. Upon default, Defendants shall have a period of ten days to cure any default. Defendants waive any notice of the default. If the default goes uncured by more than ten

days, the Parties agree that judgment may be entered against the Defendants, jointly and severally, in the amount of $257,000 less any payments made by Defendants at the time of entry of the judgment. By executing this Agreement, Defendants authorize their counsel of record to execute a stipulation of judgment should Defendants fail to timely cure any default.

5.      In consideration of the foregoing payment, as well as other consideration set forth in this Agreement, Plaintiffs, along with all of their past, present, and future officers, directors, shareholders, attorneys, trustees, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors, successors in interest, and assigns hereby forever release and discharge the Defendants, along with all of their past, present, and future officers, directors, shareholders, attorneys, trustees, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors, successors in interest, and assigns, as well as any individual or any entity related to these companies or persons
from all claims related to all business transactions relating to the parties that were or could have been included in the Litigation.

Plaintiffs, along with all of their past, present, and future officers, directors, shareholders, attorneys, trustees, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors, successors in interest, and assigns hereby fully, completely and finally waive, release, remise, acquit, and forever discharge and covenant not to sue the Defendants, as well as the Defendants' respective past, present, and future officers, directors, shareholders, attorneys, trustees, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors, successors in interest, and assigns, as well as any individual or any entity related to these companies or personswith respect to any and all claims, demands, suits, manner of obligation, debt, liability, tort, covenant, contract, or causes of action of any kind whatsoever, at law or in equity, including without limitation, all claims and causes of action arising out of or in any way relating to the Litigation or the subject properties identified in the Operative Complaint in the Litigation.

6.      In consideration of the foregoing payment, as well as other consideration set forth in this Agreement, Defendants, along with all of their past, present, and future officers, directors, shareholders, attorneys, trustees, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors, successors in interest, and assigns hereby forever release and discharge the Plaintiffs, along with all of their past, present, and future officers, directors, shareholders, attorneys, trustees, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors, successors in interest, and assigns, as well as any individual or any entity related to these companies or persons from all claims related to all business transactions relating to the parties that were or could have been included in the Litigation.

Defendants, along with all of their past, present, and future officers, directors, shareholders, attorneys, trustees, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors, successors in interest, and assigns hereby fully, completely and finally waive, release, remise, acquit, and forever discharge and covenant not to sue the Plaintiffs, as well as the Plaintiffs' respective past, present, and future officers, directors, shareholders, attorneys, trustees, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors, successors in interest, and assigns, as well as any individual or any entity related to these companies or persons with respect to any and all claims, demands, suits, manner of

obligation, debt, liability, tort, covenant, contract, or causes of action of any kind whatsoever, at law or in equity, including without limitation, all claims and causes of action arising out of or in any way relating to the Litigation or the subject properties identified in the Operative Complaint in the Litigation.

7.  The Parties warrant and represent that they have not assigned or otherwise transferred any claim or cause of action released by this Agreement.

The Parties acknowledge and agree that this release is a general release. The Parties expressly waive and assume the risk of any and all claims for damages which exist as of this date, but which they do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his or her or its decision to enter into this Agreement.

8.  No Admission of Liability. Neither the payment of any sums nor the execution of this Agreement shall be construed as an admission of liability or fault by any Party. Any and all liability is expressly denied by all Parties.

9.  Confidentiality. The Parties and their respective counsel represent and agree that, except for matters of public record as of the date of this Agreement, they will keep the terms and contents of this Agreement confidential, and that they will not hereinafter disclose the terms of this Agreement to other persons except as compelled by applicable law or to individuals who have a need to know about this Agreement and its contents, such as Parties' legal counsel, tax advisors, or other retained professional representatives, all of whom shall be informed and bound by this confidentiality clause. In no event will any party make or cause to be made any comment, written statement, or press release to any member of the media concerning the fact of this settlement or the substance or terms of this settlement.

Non-Disparagement. The Parties agree and covenant that they will not at any time make, publish or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments or statements concerning any of the other Parties.

10. Authority. The Parties represent and warrant that they possess full authority to enter into this Agreement and to lawfully and effectively release the opposing Party as set forth herein, free of any rights of settlement, approval, subrogation, or other condition or impediment. This undertaking includes specifically, without limitation, the representation and warranty that no third party has now acquired or will acquire rights to present or pursue any claims arising from or based upon the claims that have been released herein.

11. Entire Agreement. The Parties represent and agree that no promise, inducement, or agreement other than as expressed herein has been made to them and that this Agreement is fully integrated, supersedes all prior agreements and understandings between the Parties.

12. Voluntary and Informed Assent. The Parties represent and agree that they each have read and fully understand this Agreement, that they are fully competent to enter into and sign this Agreement, and that they are executing this Agreement voluntarily, free of any duress or coercion.

13. Costs, Expenses and Attorneys' Fees. Each of the parties will bear its own costs, expenses, and attorneys' fees incurred in connection with this agreement.

14. Joint and Several. The Defendants' obligations to Plaintiffs under this Agreement shall be joint and several. Defendants reserve all rights for contribution, indemnification, or allocation among the individual Defendants.

15. Construction. This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one Party. This document is interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

16. Modification. No oral agreement, statement, promise, undertaking, understanding, arrangement, act or omission of any Party, occurring subsequent to the date hereof may be deemed an amendment or modification of this Agreement unless reduced to writing and signed by the Parties hereto or their respective successors or assigns.

17. Counterparts. This Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement binding on all Parties hereto, notwithstanding that all the Parties are not signatories to the original or the same counterpart. A color scanned signatures shall be accepted the same as an original signature. A photocopy of this Agreement may be used in any action brought to enforce or construe this Agreement.

18. No Waiver. No failure to exercise and no delay in exercising any right, power or remedy under this Agreement shall impair any right, power or remedy which any Party may have, nor shall any such delay be construed to be a waiver of any such rights, powers or remedies or an acquiescence in any breach or default under this Agreement, nor shall any waiver of any breach or default of any Party be deemed a waiver of any default or breach subsequently arising.

I executed said Release as my free and voluntary act, under no constraint or undue influence and of sound mind, and I have had the opportunity to review and negotiate the terms of the Release before signing. Electronic copies of signatures shall be legally binding and the signatures of each party can appear on separate pages to be binding.

PLAINTIFFS

BY: _____   DATED: March 23, 2022
Dr. José Michan Levy, Individually and
On behalf of Lifelight Group, LLC

DEFENDANTS

BY: _____   DATED: _____
Jason P. Walsh, Individually and on behalf of
ABC Capital Investments, LLC
ABC Capital RE, Ltd
ABC Capital RE

14. **Joint and Several.** The Defendants' obligations to Plaintiffs under this Agreement shall be joint and several. Defendants reserve all rights for contribution, indemnification, or allocation among the individual Defendants.

15. **Construction.** This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one Party. This document is interpreted in accordance with the laws of the Commonwealth of Pennsylvania.

16. **Modification.** No oral agreement, statement, promise, undertaking, understanding, arrangement, act or omission of any Party, occurring subsequent to the date hereof may be deemed an amendment or modification of this Agreement unless reduced to writing and signed by the Parties hereto or their respective successors or assigns.

17. **Counterparts.** This Agreement may be executed in several counterparts and all counterparts so executed shall constitute one agreement binding on all Parties hereto, notwithstanding that all the Parties are not signatories to the original or the same counterpart. A color scanned signatures shall be accepted the same as an original signature. A photocopy of this Agreement may be used in any action brought to enforce or construe this Agreement.

18. **No Waiver.** No failure to exercise and no delay in exercising any right, power or remedy under this Agreement shall impair any right, power or remedy which any Party may have, nor shall any such delay be construed to be a waiver of any such rights, powers or remedies or an acquiescence in any breach or default under this Agreement, nor shall any waiver of any breach or default of any Party be deemed a waiver of any default or breach subsequently arising.

I executed said Release as my free and voluntary act, under no constraint or undue influence and of sound mind, and I have had the opportunity to review and negotiate the terms of the Release before signing. Electronic copies of signatures shall be legally binding and the signatures of each party can appear on separate pages to be binding.

PLAINTIFFS

BY:_____        DATED:_____
Dr. José Michan Levy, Individually and
On behalf of Lifelight Group, LLC

DEFENDANTS

BY: *Jason Walsh*        DATED:_____
   Jason Walsh (Mar 24, 2022 16:08 EDT)
Jason P. Walsh, Individually and on behalf of
ABC Capital Investments, LLC
ABC Capital RE, Ltd
ABC Capital RE

ABC Capital-Baltimore, LLC
ABC Management-Baltimore, LLC
Philly Metro Builders, LLC
ABC Capital Finance, LLC
ABC Capital Holdings, LLC
ABC Capital Income Fund, LLC
ABC Capital Realty, LLC
IPP USA, LLC
Stateside APM
Ricardo Scattolini
Florencia Melendez
Jason P. Walsh
Amir Vana
Yaron Zer

BY: *Constanza profeta*
Constanza profeta (Mar 28, 2022 16:17 EDT)

DATED: _____

Lina Profeta, on behalf of
ABC Capital Miami, LLC
477 Management, LLC,
477 International Realty, LLC

# Michan-Levy Settlement Release Agreement with Revisions Accepted (Executable) (002)

Final Audit Report    2022-03-28

| | |
|---|---|
| Created: | 2022-03-24 |
| By: | Andrew Swain (swain@swainlawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAsWFhUXjY7KJNdiTjieGaMBEnozzVvnB2 |

## "Michan-Levy Settlement Release Agreement with Revisions Accepted (Executable) (002)" History

📄 Document created by Andrew Swain (swain@swainlawfirm.com)
2022-03-24 - 7:59:14 PM GMT- IP address: 70.89.54.30

📧 Document emailed to Jason Walsh (jay@abccapitalre.com) for signature
2022-03-24 - 7:59:45 PM GMT

📄 Email viewed by Jason Walsh (jay@abccapitalre.com)
2022-03-24 - 8:04:33 PM GMT- IP address: 74.125.210.34

✍️ Document e-signed by Jason Walsh (jay@abccapitalre.com)
Signature Date: 2022-03-24 - 8:08:17 PM GMT - Time Source: server- IP address: 201.229.90.213

📧 Document emailed to Constanza profeta (lina@477realty.com) for signature
2022-03-24 - 8:08:19 PM GMT

📄 Email viewed by Constanza profeta (lina@477realty.com)
2022-03-28 - 2:56:59 PM GMT- IP address: 74.125.210.37

✍️ Document e-signed by Constanza profeta (lina@477realty.com)
Signature Date: 2022-03-28 - 8:17:47 PM GMT - Time Source: server- IP address: 201.229.38.158

✅ Agreement completed.
2022-03-28 - 8:17:47 PM GMT

Adobe Sign